IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| PLAINTIFF, | * |
| v. | * CV-1:08cv98-MEF |
| CLAUDE LEE WOODS, | * |
| DEFENDANT. | * |

**RESPONSE TO ORDER OF FEBRUARY 12, 2008**

Comes now Susan G. James, Attorney at Law, and former counsel for Claude Lee Woods and files this response to the Court's Order of February 12, 2008 directing counsel to file an affidavit in response to Woods' 28 U.S.C. §2255 and in support thereof states the following:

1. This Court entered an Order on February 12, 2008 directing undersigned counsel to file an affidavit in response to Woods ineffective assistance claim in his 28 U.S.C. §2255.

2. Counsel attaches to this document an affidavit in response to the ineffective assistance claims filed by Woods.

Respectfully submitted this 29th day of February 2008.

Susan G. James (ASB7956J64S)

SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: ASB7956J64S

## CERTIFICATE OF SERVICE

      I hereby certify that on February 29, 2008, I filed the foregoing with the Clerk of Court which will send notification of such filing to the following:

Susan Redmond
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

_____
Of Counsel

STATE OF ALABAMA

COUNTY OF MONTGOMERY

### AFFIDAVIT OF SUSAN G. JAMES

I, Susan G. James, am an Attorney at Law and have been duly licensed in the State of Alabama, in the Middle District of Alabama, since 1987. I am admitted to practice in the following Courts: all State Courts in Alabama; all Federal District Courts in Alabama; the United States District Court, Western District of Michigan; the United States District Court, Eastern District of Wisconsin; the United States District Court, Eastern District of Texas; the District of Arizona; the United States District Court, Northern District of Florida; and the United States District Courts for the Eastern and Western Districts of Arkansas; and the United States District Court, Central District of Illinois; and the United States District Court, Northern Distirct of Florida, and the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuit Courts of Appeal. Counsel is also admitted to practice in the United States Tax Court and the Supreme Court of the United States.

The undersigned was retained by Claude Lee Woods to represent him in Case No. CV-1:08cv98-MEF, Middle District of Alabama. Counsel entered an appearance on January 6, 2005. Prior to counsel's appearance in the case, Woods had been represented by the Honorable Kevin Butler, Federal Defenders Office. He entered an appearance November 17, 2004. At the time counsel entered an appearance the time for filing pretrial motions was long overdue. Woods repeatedly discussed with counsel his belief that his speedy trial rights had been violated. He urged counsel to file a motion on his behalf. Counsel's recollection is that she had a discussion with the Honorable Kevin Butler about Woods position and both the undersigned and Butler agreed that he had no speedy trial issue.

Woods continued to articulate this position urging counsel to file a motion on his behalf all the way through trial and up to the point of sentencing. After much prodding by the movant, the undersigned did make some argument on his behalf, either at trial and/or sentencing and had Woods address his specific issues. The Court held that Woods' motion was untimely and if counsel's recollection is correct, the Court noted that even if it were not untimely it had no merit.

If Woods could sufficiently satisfy this Court that his speedy trial rights hve been violated, the undersigned would concede ineffective assistance of counsel given that Woods had repeatedly

asked the undersigned to file said motion on his behalf. If this Court agrees that the speedy trial issue has no merit, then the undersigned would not concede ineffective assistance for not raising a motion which had no merit.

Woods next complains that the undersigned and the United States Government failed to inform him that the federal authorities in Florida were willing to consolidate the Alabama and Florida cases. Counsel's recollection is different than Woods. The undersigned was aware that the Northern District of Florida had an interest in prosecuting Woods. That is exactly why the undersigned attempted to have a global resolution to Woods criminal cases in the Middle District of Alabama and the Northern District of Florida. In fact counsel did not fail to advise Woods of any material information, but instead urged Woods to cooperate with the authorities in Florida and Alabama in hopes of reaching a global solution to his criminal charges. It appeared that the criminal charges in Alabama were more compartmentalized than the charges in Florida because it appears there were cooperating individuals in Florida giving information against Woods.

Counsel's recollection of the cooperation issue is that she expressed an interest to the Assistant United States Attorney, Susan Redmond, Woods offer to cooperate. Woods, however, was adamant, based on the advise of counsel, that the Florida authorities should be involved in the cooperation effort so as to attempt to resolve both cases in one package deal.

The case was put off several times in order to allow Woods to cooperate. Counsel thought that she had an understanding with AUSA Redmond that Florida authorities would travel to Alabama for purposes of a debriefing. During the week before trial counsel recalls that Woods traveled to the United States Attorneys Office for a debriefing. Counsel learned, shortly before the debriefing that the Florida authorities would not be able to make the debriefing. Counsel, without opposition, filed a motion to continue the trial of the case so that Woods could be debriefed by authorities from both the Middle District of Alabama and the Northern District of Florida.

As counsel recalls, on Friday afternoon, prior to the trial, the Honorable Truman Hobbs became upset that the motion had been filed to continue the trial at such a late date and for the reasons given. Judge Hobbs indicated, through his law clerk, that a plea would either be entered and/or a trial would be conducted that following Monday. Because Woods was unable to satisfy

the obligations of this cooperation effort before the close of business on Friday, he was left with no choice but to proceed to trial.

The undersigned represented Woods at trial. Based on Woods long history of substance abuse, the undersigned was successful in securing a lesser included offense for simple possession which went to the jury. The jury rejected the simple possession/user defense and convicted Woods. Counsel recalls talking to the case agent and AUSA Redmond after the close of the case about allowing Woods to cooperate. This was important particularly given the fact that counsel felt that Woods had been forced to trial based on Judge Hobb's denial of the motion to continue, which in counsel's opinion, is a matter beyond Woods control.

Woods references that the Judge said that if he cooperated he could be looking at a Rule 35 based on cooperation in Alabama and Florida. Despite what the Judge told him, cooperation credit and the 5K1 or a Rule 35, are within in the sole discretion of the United States Attorney Office. Susan Redmond was adamant after Woods lost his case at trial that she had no interest in his cooperation.

After Woods began to cooperate substantially in Florida, counsel spoke with Woods attorney in Florida about the nature and extent of his cooperation. The undersigned counsel learned that Woods had substantially assisted the Government and that he would receive some benefit for that cooperation. Counsel renewed her efforts to convince AUSA Susan Redmond that Woods should receive substantial assistance credit. AUSA Redmond continued to be adamant that she would not give Woods any credit for any cooperation in Florida and had no interest in Alabama cooperation. As noted above they were not interested in any cooperation in Alabama. It appears that the bulk of his cooperation effort was focused on contacts in the Northern District of Florida.

Woods further contends that the undersigned was ineffective for failing to pursue his suppression issue on a suggestion for rehearing en banc after his conviction was affirmed by the Eleventh Circuit Court of Appeals and for failure to file a petition for certiorari to the United States Supreme Court. The undersigned, as noted above, practices in all but one United States Circuit Court of Appeals. The undersigned has over the course of 20 years filed many appeals, some rehearings, some suggestions for rehearing en banc, and petitions for certiorari before the

United States Supreme Court. Counsel has enjoyed a fairly successful appellate practice and is fully cognizant of the merits of issues. While counsel raised issues that had viability on appeal, she did not believe that Woods issues were sufficiently unique and/or ones that the Eleventh Circuit would hear en banc or the United States Supreme Court. Counsel does not concede ineffective assistance for failing to pursue efforts all the way to the en banc court or the United States Supreme Court.

Counsel assumes that this satisfactorily provides the Court the necessary information about her representation of Woods. Counsel reiterates that she thought then, and believes today, that Woods was left with a Hobson's choice with regard to cooperating based on the failed efforts to coordinate the Alabama and Florida cooperation prior to the trial date. She does not think Woods should have been penalized for the inability of the undersigned and the United States Government to facilitate a meeting with the necessary authorities in adequate time prior to the trial. Judge Hobbs had not been on the case as had Judge Albritton. Counsel believes that some continuity was lost with regard to the cooperation effort, which had been continued on numerous occasions by Judge Albritton, when Judge Hobbs took over the case.

This affidavit is true to the best of my knowledge, information, and belief.

Sworn and subscribed before me this 29th day of February 2008.

_____
Susan G. James

NOTARY PUBLIC

My commission expires  3/21/2012

_____
Notary Public