IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CLAUDE LEE WOODS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08cv98-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by federal inmate Claude Lee Woods ("Woods") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**I.   INTRODUCTION**

On May 23, 2005, a jury found Woods guilty of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  On October 13, 2005, the district court sentenced Woods to 262 months in prison.  Woods appealed to the Eleventh Circuit, and on February 9, 2007, the appellate court affirmed his conviction and sentence.[1]  Woods did not seek certiorari review in the Supreme Court.

---

[1]*See United States v. Woods*, [No. 05-15999] 216 Fed.Appx. 931 (11th Cir. Feb. 9, 2007) (unpublished).  On appeal, Woods presented the following issues:

    1.    Whether the traffic stop made by police officers was pretextual and whether there was probable cause for police to stop and perform a search of his car?

    2.    Whether there was sufficient evidence to support a finding that he

(continued...)

On February 6, 2008, Woods, acting *pro se*, filed this § 2255 motion (Doc. No. 1),[2] asserting the following claims:

1. The district court erred in denying his motion to suppress because the traffic stop made by police officers was pretextual, which rendered the subsequent search of his car unlawful.

2. The district judge informed him he could possibly receive a sentence reduction pursuant to Fed.R.Crim.P. 35 if he assisted authorities in Florida or Alabama; however, no sentence reduction was forthcoming after he provided such assistance.

3. Trial counsel was ineffective for failing to file a motion to dismiss the indictment on grounds that his speedy trial rights were violated.

4. Trial counsel was ineffective for failing to inform him that Florida authorities were willing to consolidate his Florida and Alabama cases.

---

[1](...continued)
  intended to distribute methamphetamine?

3. Whether the district court erred in calculating his guideline sentence range and imposed a reasonable sentence?

4. Whether the district court erred in denying his motion to dismiss for violation of his speedy trial rights because too much time passed between his indictment and trial, and for violation of his double jeopardy rights because a state civil forfeiture of his property barred the federal prosecution.

(*Id.*)

[2]Although Woods's § 2255 motion was date-stamped "received" in this court on February 11, 2008, it was signed by Woods on February 6, 2008. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively the date it is signed by the petitioner. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

     5.     Appellate counsel was ineffective for failing to file a petition for rehearing or a petition for a write of certiorari on the suppression issue regarding the question of a pretextual traffic stop.

The United States answers that Woods's claim are either procedurally barred or without merit. (Doc. No. 12.) Woods was allowed an opportunity to respond to the government's answer, but failed to do so. After due consideration of Woods's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II.  DISCUSSION

### A.  District Court's Denial of Motion to Suppress

Woods contends that the district court erred in denying his motion to suppress because the traffic stop of his car by police was pretextual, thereby rendering the subsequent search of his car unlawful. (*See § 2255 Motion* - Doc. No. 1 at p. 6.)

Woods raised this same argument on direct appeal, and the Eleventh Circuit found the claim to be without merit and decided the issue adversely to him. *See United States v. Woods*, [No. 05-15999] 216 Fed.Appx. 931, 933-34 (11th Cir. Feb. 9, 2007) (unpublished). "The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). "'[O]nce a matter has been

decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.'" *Nyhuis*, 211 F.3d at 1343 (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2nd Cir. 1977)). Because Woods's claim in this regard was raised and disposed of on direct appeal, this court cannot, and will not, reconsider the claim here.

**B.     Sentence Reduction Pursuant to Fed.R.Crim.P. 35**

Woods asserts that the district judge told him he could possibly receive a sentence reduction pursuant to Fed.R.Crim.P. 35 if he "helped Florida or Alabama" and that, although he provided such assistance, no sentence reduction was forthcoming. (*See § 2255 Motion* - Doc. No. 1, "Exhibit 1," at p. 4.)

Woods did not present this claim on direct appeal. A defendant who fails to raise an available issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate ... 'cause' and actual 'prejudice'...."); accord *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004) ("Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge.").

Because Woods did not raise this claim on appeal, he is obligated to demonstrate

4

"cause" excusing his failure to do so and actual prejudice resulting from the alleged error. *Bousley*, 523 U.S. at 622; *Mills*, 36 F.3d at 1055-56; *see also McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001).  However, Woods makes no attempt to demonstrate "cause" for his failure to raise this claim on appeal.  For that reason, the claim is barred by procedural default unless Woods can demonstrate that reaching the merits of his claims is necessary to prevent a "fundamental miscarriage of justice."[3]  *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Murray v. Carrier*, 477 U.S. 478, 495- 96 (1986); *Mills*, 36 F.3d at 1055-56. Again, however, Woods makes no attempt to satisfy the applicable standard.  Therefore, his claim is procedurally barred from review by this court.

Even if this court were to consider the merits of Woods's claim, there would be no basis for relief.  At sentencing, the district court advised Woods that Rule 35 provided him with an opportunity to seek a sentence reduction if he "did provide information to the government that is helpful to them and aids them in their investigation of anyone else involved in other criminal activity, be it in the Middle District of Alabama or elsewhere," and that if Woods provided such assistance, it "would be something that [the court] could certainly look favorably upon if it were filed in the form of a Rule 35 motion." (*Sentencing Hearing* - Doc. No. 12, Gov. Exh. W, at p. 15.)  The district court properly advised Woods

---

[3]The "fundamental miscarriage of justice" exception to the procedural default rule is exceedingly narrow and is reserved for extraordinary cases in which a petitioner can show that a constitutional violation has probably resulted in the conviction of a factually innocent person. *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  To satisfy the miscarriage of justice standard, the petitioner must be factually innocent of the crime, or of the sentence.  *See Gonzalez v. Secretary for Dept of Corrections*, 366 F.3d 1253, 1275 (11th Cir. 2004).

in this regard and certainly made no guarantees to him that he would receive a sentence reduction. Moreover, Woods fails to set forth any facts concerning his assistance to the government. Finally, it is well settled that the government has "'a power, not a duty, to file a motion when a defendant has substantially assisted.'" *United States v. Forney*, 9 F.3d 1492, 1500 (11th Cir. 1993) (quoting *Wade v. United States*, 504 U.S. 181, 185 (1992) (analyzing substantial assistance motions under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e)). Therefore, a district court cannot grant a sentence reduction for substantial assistance absent a motion by the government. *Forney*, 9 F.3d at 1501. Judicial review of the government's failure to file a substantial assistance motion is appropriate only "when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *Forney*, 9 F.3d at 1502 (citation and footnote omitted) (emphasis in original); *see also Wade*, 504 U.S. at 185-86; *United States v. Mitchell*, 322 Fed.Appx. 915, 916 (11th Cir. Apr. 13, 2009) (unpublished). Woods neither alleges nor makes a substantial showing that the prosecutor's failure to file a Rule 35 motion was based on a constitutionally impermissible motivation. Therefore, he fails to show that his claim for relief is meritorious.

**C.      Claims of Ineffective Assistance of Counsel**

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To succeed on a claim of ineffective assistance of counsel, a petitioner must satisfy both prongs of the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S.

6

668 (1984). The *performance* prong requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The *prejudice* prong requires a petitioner to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687). In any ineffective assistance analysis, scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000); *see Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets

omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("[I]f a defendant cannot satisfy the prejudice prong, the court need not

address the performance prong.").

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 1.    *Ineffective Assistance:  Failure to File Motion to Dismiss on Speedy Trial Grounds*

Woods contends that the two attorneys who represented him at different times during proceedings in the trial court rendered ineffective assistance by failing to file a motion to dismiss the indictment on grounds that his speedy trial rights were violated.[4] (*See § 2255 Motion* - Doc. No. 1 at p. 6; *see also* Doc. No. 1, "Exhibit 1," at p. 4.)

Woods was indicted on January 27, 2004. Because he was in state custody in another jurisdiction (Georgia), he was not brought before a federal magistrate of this court for an initial appearance on the charge until November 17, 2004. At that time, Woods's trial was set for the January 10, 2005, trial term. Thereafter, Woods twice agreed, through his written

---

[4]Woods was originally represented by attorney Kevin L. Butler of the Office of the Federal Defender. On January 6, 2005, Woods retained attorney Susan G. James as his counsel, and Butler was allowed to withdraw from his representation. James continued to represent Woods through trial, at sentencing, and on direct appeal.

consent, to waive his right to a speedy trial in connection with requests for continuances so that his attorneys could have more time to prepare his case and to pursue plea negotiations. (*See* Doc. No. 12, Gov. Exhs. C, D, R, and S.)  In both instances, the district court found good cause to grant the requested continuances.  (*Id.*, Gov. Exhs. E and T.)  Woods, through his court-appointed counsel Kevin L. Butler, filed the first motion for a continuance and waiver of his speedy trial rights on December 22, 2004, and the district court, in granting the continuance, set the case over for the April 18, 2005, trial term.  Woods, through his retained counsel Susan G. James, filed the second motion for a continuance and waiver of his speedy trial rights on April 8, 2005.  The district court, in granting the second requested continuance, set the case over for the May 16, 2005, trial term.  Woods was tried on May 23, 2005.

In making this allegation of ineffective assistance of counsel, Woods does not indicate whether he believes his attorneys should have moved to dismiss for violation of his speedy trial rights under the Speedy Trial Act (*see* 18 U.S.C. §§ 3161 *et seq.*) or under the Speedy Trial Clause of the Constitution.  In either case, however, Woods fails to establish deficient performance by his counsel.

For purposes of the Speedy Trial Act, 18 U.S.C. § 3161(c)(1) provides, in pertinent part, as follows:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, *or from the date the defendant has appeared*

10

> *before a judicial officer of the court in which such charge is pending, whichever date last occurs....*

18 U.S.C. § 3161(c)(1) (emphasis added.) Thus, under the Speedy Trial Act, Woods's 70 days began to run on November 17, 2004, when he was brought before a magistrate of this court for an initial appearance. However, 35 days later, on December 22, 2004, Woods filed the first of his two motions for a continuance and the first of two written waivers of his speedy trial rights, which resulted in his trial eventually commencing on May 23, 2005. Woods's attorneys had no basis to move for dismissal of the indictment under the Speedy Trial Act on or before December 22, 2004, because Woods was in state custody in Georgia when his federal indictment was returned on January 27, 2004, and remained in Georgia's custody up to his November 17, 2004, appearance before the federal magistrate. *See United States v. Shahryar*, 719 F.2d 1522, 1524-25 (11th Cir. 1983) (for purposes of commencement of the Speedy Trial Act's time limit, a defendant must be held for purposes of answering a federal charge); *United States v. Rodriguez-Franco*, 749 F.2d 1555, 1559 (11th Cir. 1985) ("[I]n computing the 70 day limitation under the Speedy Trial Act, time spent in state custody awaiting probation revocation proceedings is excludable."). Woods's attorneys had no basis to move for dismissal of the indictment on speedy trial grounds at any time *after* December 22, 2004, because from that date through the date of Woods's trial, Woods consented, in writing, to a waiver of his speedy trial rights. Moreover, Woods's attorneys had sound reasons for moving to continue his trial, as the delays were sought so that counsel could prepare for a suppression hearing in Woods's case, could pursue plea negotiations on

11

Woods's behalf, and could prepare for his trial.  Therefore, Woods fails to demonstrate that his attorneys' failure to move for dismissal based on the Speedy Trial Act "fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, or that he was prejudiced by his attorneys' actions in this regard, *id*. at 694.

Moreover, Woods's argument also fails under the Speedy Trial Clause of the Constitution, because he caused almost all of the delay between his indictment and trial:  he was in state custody in Georgia after his indictment, filed two motions for a continuance, and filed two written and signed speedy trial waivers before his trial commenced.  *See United States v. Woods*, [No. 05-15999] 216 Fed.Appx. 931, 937 n.1 (11th Cir. Feb. 9, 2007) (unpublished) (citing *United States v. Clark*, 83 F.3d 1350, 1353 (11th Cir. 1996); *United States v. Twitty*, 107 F.3d 1482, 1490 (11th Cir. 1997)).  In addition, Woods completely fails to allege or substantiate how he was prejudiced by the delay in his trial.  *See Barker v. Wingo*, 407 U.S. 514, 530-32 (1972) (analysis of constitutional speedy trial claims focuses on the length and reason for the trial delay, and the resulting prejudice).  Thus, Woods has also failed to demonstrate that his attorneys rendered ineffective assistance of counsel by failing to move for dismissal of his indictment based on an alleged violation of the Speedy Trial Clause.

For the reasons set forth above, Woods is not entitled to any relief based on this claim.

### 2. *Ineffective Assistance:  Failure to Inform Woods That Florida Authorities Were Willing to Consolidate Cases*

Woods contends that his trial counsel was ineffective and that the prosecutor engaged in misconduct when they failed to inform him that federal authorities in Florida were willing to consolidate his Florida and Alabama cases.  (*See § 2255 Motion* - Doc. No. 1, "Exhibit 1," at p. 4.)  Woods's conclusory allegation in this regard is unsupported by any evidence or factual specifics indicating that Florida authorities were indeed willing to consolidate his Florida and Alabama cases, and Woods fails even to suggest the terms of any supposed offer by Florida authorities.[5]  With regard to Woods's cursory claim, both his trial counsel Ms. James and the United States Attorney who prosecuted the instant case filed affidavits in which they refute Woods's vague assertion that authorities in Florida were willing to consolidate his cases.  (*See* Doc. No. 6; Doc. No. 12, Gov. Exh. BB.)  A review of these affidavits also reveals no indication that Alabama authorities were willing to agree to any such consolidation if indeed it were proposed.  What the matters set forth in these affidavits do reflect is that while Woods cooperated with Florida authorities with regard to federal charges pending against him in Florida, for which Woods obtained some benefit from federal authorities in Florida, federal prosecutors in Alabama had no interest in crediting Wood for any cooperation, or in agreeing to a consolidation of his cases, after Woods chose to go to trial on the federal charges brought in Alabama.

A claim asserted in a § 2255 motion may be dismissed without a hearing if it is

---

[5] Woods's claim is set forth in his motion, *in its entirety*, as follows:  "Also my lawyer or the U.S. Attorney did not inform me of the fact that Florida was willing to consolidate both cases also hurt me by not having this information [sic]."  Woods fails to set forth any additional facts regarding this claim.

13

affirmatively contradicted by the record, patently frivolous, based upon unsupported generalizations, or inherently incredible. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991); *Humphrey v. United States*, 888 F.2d 1546 (11th Cir. 1989); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989). Upon that standard, the court concludes that Woods's bare and conclusory allegation, bereft of record support or factual specificity, should be summarily dismissed. Woods is not entitled to any relief based on this claim.

### 3. *Ineffective Assistance: Appellate Counsel's Failure to Petition for Rehearing or Seek Writ of Certiorari*

Woods contends that his counsel on appeal rendered ineffective assistance by failing to file a petition for rehearing in the Eleventh Circuit Court of Appeals, or a petition for a writ of certiorari in the United States Supreme Court, arguing the suppression issue regarding the allegedly pretextual traffic stop made by the police.[6] (*See § 2255 Motion* - Doc. No. 1 at p. 6; *see also* Doc. No. 1, "Exhibit 1," at p. 4.) This claim does not warrant relief.

> "[T]he Sixth Amendment does not guarantee effective assistance of counsel in pursuing motions for rehearing after denial of a direct appeal. [T]he right to appointed counsel extends to the first appeal of right, and no further. Thus, the failure of [a] petitioner's counsel to seek rehearing before the [appellate court] cannot constitute ineffective assistance of counsel in violation of the Sixth Amendment." *Ucciferri v. United States*, 2006 WL

---

[6] On direct appeal, Woods's counsel argued that the traffic stop was pretextual. A three-judge panel of the Eleventh Circuit held that the traffic stop was *not* pretextual and that the ensuing search of Woods's vehicle was lawful. *United States v. Woods*, [No. 05-15999] 216 Fed.Appx. 931, 934 (11th Cir. Feb. 9, 2007) (unpublished).

>1281362 at *3 (M.D.Fla., May 9, 2006) (citing *Alley v. Bell*, 101 F.Supp.2d 588, 665 (W.D.Tenn. 2000), *aff'd*, 307 F.3d 380 (6th Cir . 2002), *cert. denied*, 540 U.S. 839 (2003) (citations omitted) (quotations omitted); *see also Hernandez v. Wainwright*, 634 F.Supp. 241, 250 (S.D.Fla. 1986), *aff'd without opinion*, 813 F.2d 409 (11th Cir. 1987) (finding that "a petition for rehearing of an appeal is squarely a discretionary appeal and again is within the purview of the rule established in *Wainwright v. Torna* ...")).  The United States Supreme Court exercises discretionary review over petitions for writ of certiorari.  *See* Sup.Ct. R. 10 ("Review on a writ of certiorari is not a matter of right, but of judicial discretion.").  Due to the discretionary nature of the Supreme Court's jurisdiction, there is no right to counsel in seeking a writ of certiorari.  *See Ross v. Moffitt*, 417 U.S. 600, 617, (1974).

*Langdon v. United States*, 2007 WL 656460 at *11 (M.D.Fla., Feb. 28, 2007).

Therefore, Woods must first establish that he had a right to counsel following the denial of his appeal by the Eleventh Circuit to succeed on his claim that his appellate counsel was ineffective for failing to file a petition for rehearing or to seek certiorari review. However, Woods had no right to counsel beyond the Eleventh Circuit's decision on his direct appeal.  *See Langdon*, 2007 WL 656460 at *12; *Mitchell v. United States*, 2007 WL 220174 at *5 (M.D.Fla., Jan. 26, 2007).  Any failure by his counsel on appeal to pursue discretionary review in either the Court of Appeals or the Supreme Court was not a violation of Woods's constitutional rights; consequently, any such alleged failure cannot give rise to an ineffective assistance of counsel claim.  *See Van Harris v. United States*, 2007 WL 431549 at *5 (S.D.W.Va., Feb. 7, 2007).  Moreover, Woods does not set forth facts indicating that there was any reasonable probability that any motion for rehearing or petition for writ of certiorari would have been successful. See *Langdon*, 2007 WL 656460 at *12; *Ucciferri*, 2006 WL 1281362 at *4.  For these reasons, Woods is not entitled to relief on this

15

claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Woods be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before January 29, 2010. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 15th day of January, 2010.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE